SUMMARY ORDER
Defendant Juan Ernesto Mercedes Naut was convicted, following a guilty plea, of conspiring to launder money, see 18 U.S.C. § 1956(h), and illegal reentry following an aggravated felony conviction, see 8 U.S.C. § 1326(a), (b)(2). Sentenced principally to 120 months’ imprisonment, Naut here argues that the district court committed procedural error in applying a six-level offense enhancement pursuant to U.S.S.G. § 2Sl.l(b)(l) in calculating his Sentencing Guidelines range. He further challenges his ten-year prison sentence as substantively unreasonable. See generally United States v. Cavera, 550 F.3d 180, 187, 189 (2d Cir.2008) (en banc) (discussing procedural and substantive components of sentencing review). We assume the parties’ familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.
The Guidelines provide for the challenged enhancement when a district court finds it more likely than not that the defendant “knew or believed” that laundered funds “were the proceeds of, or were intended to promote,” a controlled substance offense. U.S.S.G. § 281.1(b)(1); see United States v. Irving, 554 F.3d 64, 72 (2d Cir.2009); United States v. Rizzo, 349 F.3d 94, 98 (2d Cir.2003) (discussing preponderance standard at sentencing). Such knowledge can be actual knowledge or a product of conscious avoidance. See United States v. Finkelstein, 229 F.3d 90, 95-96 (2d Cir.2000). We review a district court’s sentencing findings for clear error, and we will reverse only where, “upon review of the entire record, [we are] left with the definite and firm conviction that a mistake has been committed.” United States v. Garcia, 413 F.3d 201, 222 (2d Cir.2005) (internal quotation marks omitted). Naut has failed to demonstrate clear error here.
Naut’s contention that the district court’s application of the § 2Sl.l(b)(l) enhancement was based on nothing more than “surmise and conjecture,” United States v. Shonubi, 998 F.2d 84, 90 (2d Cir.1993), is belied by the record. A wealth of circumstantial evidence was adduced at the suppression hearing, in the government’s pre-sentencing submissions, in the probation department’s pre-sentence report, and at the sentencing hearing itself that, taken together, supports the § 2S1.1(b)(1) enhancement. See United States v. Jones, 531 F.3d 163, 175 (2d Cir.2008) (noting that court may rely on direct and circumstantial evidence at sentencing). This evidence indicated that (1) at the time of his arrest on the instant offenses, Naut was in possession of $300,000, an extraordinarily large amount of cash for which Naut had no legitimate source; (2) Naut admitted knowing that this money derived from “something illegal”; (3) the money was packaged in a manner that federal officials recognized as *676 typical of narcotics proceeds; (4) Naut was intimately familiar with the drug trade and the manner in which drug proceeds were typically transported, having been convicted of several narcotics offenses, including one during which he routinely handled such proceeds; (5) Naut was then actively engaged in drug dealing out of his apartment, where drug paraphernalia and a “kilo scale” were found following a consensual search; and (6) Naut was accompanied by his cousin at the time of his arrest, in whose apartment similar drug paraphernalia was also found. Naut does not dispute these facts, and we conclude that they were more than sufficient, viewed together, to support the district court’s preponderance finding that Naut possessed the requisite knowledge or belief as to the source of the laundered funds or, at the least, that he consciously avoided such knowledge. Accordingly, we reject his claim of procedural error.
Further, because we conclude that the district court’s decision to sentence Naut within the applicable Guidelines range to a ten-year prison term fell within the “broad range” warranted by the totality of the circumstances, we reject his claim of substantive error. United States v. Jones, 531 F.3d at 174; see generally United States v. Verkhoglyad, 516 F.3d 122, 134 (2d Cir.2008) (observing that substantively unreasonable sentences will be encountered infrequently).
We have considered Naut’s remaining claims and find them to be without merit. For the foregoing reasons, the judgment of conviction is AFFIRMED.